Debtor   **EPL Oil & Gas, LLC**
         Name

Case number *(if known)* _____

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
**Southern District of Texas**
(State)

Case number *(if known)*: _____   Chapter   **11**

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **EPL Oil & Gas, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Anglo-Suisse Offshore Pipeline Partners, LLC; Delaware EPL of Texas, LLC; Energy Partners Ltd., LLC; EPL Pioneer Houston, Inc.; Nighthawk, L.L.C., EPL Oil & Gas, Inc., EPL of Louisiana, L.L.C.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **72-1409562** |
| 4. | **Debtor's address** | **Principal place of business**<br>**4514 Cole Ave, Suite 1175**<br>Number    Street<br><br>**Dallas**    **TX**   **75205**<br>City    State    Zip Code<br><br>**Dallas**<br>County | **Mailing address, if different from principal place of business**<br>Number    Street<br><br>City    State    Zip Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number    Street<br><br>City    State    Zip Code |
| 5. | **Debtor's website** (URL) | https://coxoperating.com/ |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: |

Debtor  **EPL Oil & Gas, LLC**  Case number *(if known)*
         Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111 (Oil and Gas Extraction)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes   District **See Attached Rider 2**   When _____ (MM/DD/YYYY)   Case number _____
         District _____   When _____ (MM/DD/YYYY)   Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes   Debtor **See Attached Rider 1**   Relationship _____
         District _____   When: **05/14/2023**

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 2

Debtor     EPL Oil & Gas, LLC
           Name

Case number *(if known)* _____

List all cases. If more than 1, attach a separate list.

Case number, if known _____

MM / DD / YYYY

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number     Street
                          _____
                          City                State    Zip Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name     _____
        Phone            _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49                 ☐ 1,000-5,000         ☐ 25,001-50,000
☐ 50-99                ☐ 5,001-10,000        ☐ 50,001-100,000
☐ 100-199              ☐ 10,001-25,000       ☐ More than 100,000
☒ 200-999

**15. Estimated assets**

☐ $0-$50,000            ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
☐ $50,001-$100,000      ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000     ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million   ☒ $100,000,001-$500 million   ☐ More than $50 billion

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 3

Debtor    **EPL Oil & Gas, LLC**                Case number *(if known)*
          Name

### 16. Estimated liabilities

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **05/14/2023**
               MM/ DD / YYYY

✘  **/s/ Craig Sanders**                                        **Craig Sanders**
   Signature of authorized representative of debtor              Printed name

   Title   **Authorized Person**

**18. Signature of attorney**

✘  **/s/ Rebecca Blake Chaikin**              Date  **05/14/2023**
   Signature of attorney for debtor                 MM/DD/YYYY

   **Rebecca Blake Chaikin**

   **JACKSON WALKER LLP**
   Firm name

   **1401 McKinney Street, Suite 1900**
   Number          Street

   **Houston**                                    **TX**         **77010**
   City                                           State          ZIP Code

   **(713) 752-4200**                             **rchaikin@jw.com**
   Contact phone                                  Email address

   **24133055**                                   **Texas**
   Bar number                                     State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

| **Fill in this information to identify the case**: |
| --- |
| United States Bankruptcy Court for the: |
| **Southern District of Texas** |
| (State) |
| Case number *(if known)*: _____  Chapter __11__ |

☐ Check if this is an amended filing

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of **MLCJR LLC.**

| COMPANY |
| --- |
| Cox Oil Offshore, L.L.C. |
| Cox Operating, L.L.C. |
| Energy XXI GOM, LLC |
| Energy XXI Gulf Coast, LLC |
| EPL Oil & Gas, LLC |
| M21K, LLC |
| MLCJR LLC |

| **Fill in this information to identify the case**: |
|---|
| United States Bankruptcy Court for the: |
| **Southern District of Texas** |
| (State) |
| Case number *(if known)*: _____  Chapter __11__ |

☐ Check if this is an amended filing

# Rider 2
## Prior Bankruptcy Cases Filed by or Against the Debtor Within the Last 8 Years

| DISTRICT | PETITION DATE | CASE NO. |
|---|---|---|
| Southern District of Texas | 04/14/2016 | 16-31929 |
| Southern District of Texas | 04/14/2016 | 16-31930 |
| Southern District of Texas | 04/14/2016 | 16-31932 |
| Southern District of Texas | 04/14/2016 | 16-31933 |
| Southern District of Texas | 04/14/2016 | 16-31946 |
| Southern District of Texas | 04/14/2016 | 16-31952 |

*Execution Version*

**OMNIBUS WRITTEN CONSENT OF THE EQUITY HOLDERS OF:**

**COX OPERATING, L.L.C.;**
**MLCJR LLC;**
**COX OIL OFFSHORE, L.L.C.;**
**ENERGY XXI GULF COAST, LLC;**
**EPL OIL & GAS, LLC;**
**ENERGY XXI GOM, LLC; AND**
**M21K, LLC**

**May 14, 2023**

The undersigned constitute all of the equity holders (each, a "**Member**" and, collectively, the "**Members**") of the Companies (as defined below).

a. Cox Investment Partners, LP, a Delaware limited partnership ("**CIP**"), is the sole Member of Phoenix Petro Services LLC, a Delaware limited liability company ("**Phoenix**"), which is the sole Member of Cox Operating, L.L.C., a Louisiana limited liability company ("**Cox Operating**").

b. WIN Management LLC, a Delaware limited liability company ("**WIN**"), CIP and CLS Development, LLC, a Texas limited liability company ("**CLS**"), are all of the Members of MLCJR LLC, a Texas limited liability company ("**MLCJR**").

c. MLCJR is the sole Member of each of Cox Oil Offshore, L.L.C., a Louisiana limited liability company ("**Offshore**"), and CEXXI, LLC, a Delaware limited liability company ("**CEXXI**").

d. CEXXI is the sole Member of Energy XXI Gulf Coast, LLC, a Delaware limited liability company ("**Gulf Coast**").

e. Gulf Coast is the sole Member of each of EPL Oil & Gas, LLC, a Delaware limited liability company ("**EPL O&G**"), and Energy XXI GOM, LLC a Delaware limited liability company ("**GOM**").

f. GOM is the sole Member of M21K, LLC, a Delaware limited liability company ("**M21K**", and together with Cox Operating, MLCJR, Offshore, Gulf Coast, EPL O&G and GOM, collectively, the "**Companies**" and each, a "**Company**").

In lieu of a meeting, each of CIP, acting in its capacity as the sole Member of Phoenix, acting in its capacity as the sole Member of Cox Operating, and WIN, CIP and CLS, each acting in their capacity as a Member of MLCJR, acting in its capacity as the sole Member, directly or indirectly, of Offshore, Gulf Coast, EPL O&G, GOM and M21K (each, an "**Applicable Capacity**"), pursuant to each Company's operating agreement and based on the advice of the Company's professionals and advisors, and after thorough discussions, hereby take the following actions and adopt, approve, and consent to the following resolutions by written consent as of the date hereof:

**WHEREAS**, each Member or Members, in their Applicable Capacity, with respect to each Company, has reviewed and considered the financial and operational condition of such Company and such Company's business on the date hereof, including the assets of such Company, the current and long-term liabilities of such Company, and the recommendations of such Company's outside legal and other advisors as to the risks and benefits of pursuing a bankruptcy proceeding for such Company under the provisions of Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of each Member or Members, in their Applicable Capacity, and in reliance on the Company's outside legal and other advisors as with respect to each Company, it is desirable and in the best interests of such Company, its creditors, its stakeholders, and other interested parties that such Company seek relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that each Company is hereby authorized, and each Authorized Person (as defined below) shall be, and hereby is, authorized on behalf of such Company, to take all such steps and do all such acts and things as such Company or such Authorized Person shall deem necessary or advisable to commence a case under Chapter 11 of the Bankruptcy Code (each, a "**Chapter 11 Case**"), including, but not limited to, executing, verifying and delivering a voluntary petition in the name of such Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), making any and all other necessary filings with the Bankruptcy Court and any other filings that such Authorized Person determines to be necessary or advisable, making and executing any necessary or advisable instruments, certificates, affidavits, or other documents in connection therewith, signing or endorsing any checks, posting any bonds, and paying any fees and expenses in connection therewith, and taking any and all actions to make, execute, verify, and file all applications, certificates, documents, or other instruments and to do any and all acts and things that any one or more of them shall deem necessary, advisable, or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolutions, each such petition, application, certificate, document or other instrument, in such form and at such time as such Authorized Person executing the same shall determine; and it is further

**RESOLVED**, that each Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of such Company, to enter into such forbearance agreements, waivers, amendments or modifications, confirmations, terminations, or other supplements or agreements relating to such Company's existing indebtedness or other financial transactions as may be deemed necessary or appropriate by such Authorized Person; and it is further

**RESOLVED**, that each Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of such Company, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by such Authorized Person, including the grant of replacement liens or other adequate protection, as is reasonably necessary for the continuing conduct of the affairs of such Company; and it is further

**RESOLVED**, that (a) each Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of such Company, to (i) take all actions necessary or appropriate for such Company to obtain post-petition financing according to the terms negotiated by such Authorized Person, including under one or more debtor-in-possession credit facilities; and (ii) negotiate, execute, deliver, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all debtor-in-possession or other loan agreements, notes, guaranties, security agreements, pledge agreements, intercreditor agreements, subordination agreements, financing statements, mortgages, account control agreements, intellectual property security agreements, and all other documents, agreements or instruments (collectively, the "**Credit Documents**") and to take any and all actions that such Authorized Person deems necessary or appropriate, each in connection with such Chapter 11 Case, any post-petition financing or any cash collateral usage contemplated hereby or thereby and (b) any transactions contemplated by the Credit Documents are in all respects approved; and it is further

**RESOLVED**, that any guaranty and/or incurrence of indebtedness, grant of security interests and/or pledges by such Company as contemplated in any of the Credit Documents, and any additional liens pursuant to any additional security agreements, pledge agreements or similar documents that any agent or lender under the Credit Documents may require are hereby authorized, approved and adopted, as applicable; and it is further

**RESOLVED**, that each Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of such Company, to employ and retain the law firms of Latham & Watkins LLP and Jackson Walker LLP to represent the Company, as a debtor and debtor in possession, in connection with such Chapter 11 Case on the terms set forth in their engagement letters with such Company, which are hereby ratified and approved, and to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with powers of delegation, is hereby authorized to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain such law firms as co-counsel; and it is further

**RESOLVED,** that Alvarez & Marsal North America, LLC, be and hereby is, authorized and empowered to represent and assist each Company as its financial advisor and to provide a chief restructuring officer (a "**CRO**") to act on such Company's behalf and to oversee the successful prosecution of each Chapter 11 Case, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with powers of delegation, is hereby authorized to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal North America, LLC in each Chapter 11 Case; and it is further

**RESOLVED,** that Moelis & Company LLC, be and hereby is, authorized and empowered to represent and assist each Company as its investment banker, and to take any and all actions to

3

advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with powers of delegation, is hereby authorized to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Moelis & Company LLC in each Chapter 11 Case; and it is further

**RESOLVED,** that each Authorized Person be, and hereby is, authorized to employ any other legal, restructuring, financial, accounting, bankruptcy services firms, and other professionals (together with the foregoing firms, the "**Professionals**") to assist the Company in carrying out each Company's duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals, as necessary; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, with power of delegation, authorized and empowered to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deems necessary, proper or desirable in connection with each Chapter 11 Case, with a view to the successful prosecution of such case; and it is further

**RESOLVED**, that each of the aforementioned retained advisors of each Company is hereby authorized to take any and all actions necessary or desirable to advance such Company's rights and obligations and facilitate the commencement of each Chapter 11 Case; and it is further

**RESOLVED**, that each Company is authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of such Company, to the extent applicable, to (a) enter into negotiations with any interested parties regarding a purchase of any or all of the assets of such Company whether pursuant to a plan of reorganization or otherwise (each a "**Sale**"); (b) file one or more motions with the Bankruptcy Court seeking approval of any Sale and/or bidding or other sale procedures to be used to facilitate any Sale; (c) organize and manage a Sale process, which may take the form of an auction or any other process as such Authorized Person deems necessary or appropriate and which may include the identification of a stalking horse bidder and the negotiation and entry into an agreement with such stalking horse bidder; (d) execute and deliver an agreement providing for a Sale according to the terms negotiated by such Company and such Authorized Person and such additional agreements, consents, certificates, amendments, and instruments as may be necessary or appropriate to obtain approval of and/or to effectuate a Sale (collectively, the "**Sale Documents**"); and (e) if necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local, or non-U.S. law to consummate a Sale; and it is further

**RESOLVED**, that the foregoing resolutions shall be deemed to also authorize each Company to act in its capacity as stockholder, member, manager and/or general or limited partner, as applicable, of any of its subsidiaries to authorize any actions by such subsidiaries in connection with the consummation of the transactions contemplated by the Credit Documents or Sale Documents or in each Chapter 11 Case and to execute any stockholder, shareholder, member,

partner, or similar consent required or requested by any subsidiary of the Company to authorize it to take any of the actions contemplated by such Company's plan of reorganization filed or to be filed under the Bankruptcy Code; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, acting alone or in any combination, authorized and empowered, with full power of delegation, in the name and on behalf of each Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, in such form as such Authorized Person performing or executing the same shall approve, and as in the judgment of such Authorized Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any manager, or any other person authorized to act in such a capacity, of each Company or any of the Professionals in connection with each Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of such Company; and it is further

**RESOLVED**, that any and all actions, whether previously or subsequently taken by any Authorized Person or any other person authorized to act by an Authorized Person, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and it is further

**RESOLVED**, that for the purposes of these resolutions, the term "**Authorized Person**" shall mean and include Brad Cox, Craig Sanders, Vincent DeVito, and Patrick Bartels; and it is further

**RESOLVED,** that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

IN WITNESS WHEREOF, this Omnibus Written Consent is effective as of the date first written above. This Omnibus Written Consent may be executed in any number of counterparts, each of which shall constitute an original and all of which shall constitute one action. Any copy, facsimile, or other reliable reproduction of this Omnibus Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used.

**WIN MANAGEMENT LLC, COX INVESTMENT PARTNERS, LP and CLS DEVELOPMENT, LLC**, each acting in their capacity as a Member of **MLCJR LLC**, acting in its capacity as the sole Member, directly or indirectly, of **COX OIL OFFSHORE, L.L.C., ENERGY XXI GULF COAST, LLC, EPL OIL & GAS, LLC, ENERGY XXI GOM, LLC, and M21K, LLC**

**COX INVESTMENT PARTNERS, LP**

By:   Cox Management Dallas LLC,
      Its General Partner

_____
Craig L. Sanders, Manager

**CLS DEVELOPMENT, LLC**

By: _____
Craig L. Sanders, Manager

**WIN MANAGEMENT LLC**

By: _____
William L. Graham, Manager

*[Signatures continue on the next page]*

[Signature Page to Omnibus Written Consent]

**IN WITNESS WHEREOF**, this Omnibus Written Consent is effective as of the date first written above. This Omnibus Written Consent may be executed in any number of counterparts, each of which shall constitute an original and all of which shall constitute one action. Any copy, facsimile, or other reliable reproduction of this Omnibus Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used.

**COX INVESTMENT PARTNERS, LP**, acting in its capacity as the sole Member of **PHOENIX PETRO SERVICES LLC**, acting in its capacity as the sole Member of **COX OPERATING, L.L.C.**

**COX INVESTMENT PARTNERS, LP**

By: Cox Management Dallas LLC,
Its General Partner

_____
Craig L. Sanders, Manager

[Signature Page to Omnibus Written Consent]

Fill in this information to identify the case:

Debtor name: MLCJR LLC, *et al.*,

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | GOL, LLC<br>ATTN: CASEY BOUSEGARD<br>4535 HIGHWAY 308<br>P.O. BOX 309<br>RACELAND, LA  70394 | CASEY BOUSEGARD<br>VICE PRESIDENT<br>EMAIL - casey@gulf-log.com<br>PHONE - 985-532-1060 | Trade Payable | | | | $  24,804,863 |
| 2 | DANOS, LLC<br>ATTN: PAUL DANOS<br>3878 WEST MAIN STREET<br>GRAY, LA  70359 | PAUL DANOS<br>OWNER, PRESIDENT, AND CHIEF EXECUTIVE OFFICER<br>EMAIL - pauldanos@danos.com<br>PHONE - 985-346-4338 | Trade Payable | | | | $  8,566,355 |
| 3 | A-PORT, LLC<br>ATTN: LILLY HAMM<br>100 COMMISSION BLVD.<br>LAFAYETTE, LA  70508 | LILLY HAMM<br>CONTROLLER AND CHIEF FINANCIAL OFFICER<br>EMAIL - lillyh@a-portllc.com<br>PHONE - 337-504-3054<br>FAX - 337-504-4193 | Trade Payable | | | | $  6,957,077 |
| 4 | CYPRESS POINT MARINE<br>ATTN: JOHN SUMICH<br>500 HWY 90, STE. 120<br>PATTERSON, LA  70392 | JOHN SUMICH<br>PRESIDENT<br>EMAIL - jsumich@aol.com<br>PHONE - 504-234-5111<br>FAX - 985-399-6842 | Trade Payable | | | | $  6,461,753 |
| 5 | TURNKEY OFFSHORE PROJECT SERVICES, LLC<br>ATTN: JAY HENDERSON<br>8506 SHRIMPERS ROW<br>DULAC, LA  70353 | JAY HENDERSON<br>VICE PRESIDENT<br>EMAIL - jay@hopeservicesinc.com<br>PHONE - 985-563-7801 | Trade Payable | | | | $  5,741,655 |
| 6 | QUALITY PRODUCTION MANAGEMENT, LLC<br>ATTN: CLAY NUNNALLY<br>425 GRIFFIN RD.<br>YOUNGSVILLE, LA  70592 | CLAY NUNNALLY<br>CHIEF EXECUTIVE OFFICER<br>EMAIL - cnunnally@qualitycompanies.com<br>PHONE - 985-860-9927 | Trade Payable | | | | $  4,967,211 |
| 7 | CROSBY ENERGY SERVICES<br>ATTN: CHRIS BRANTLEY<br>14090 WEST MAIN STREET<br>CUT OFF, LA  70345 | CHRIS BRANTLEY<br>EXECUTIVE VICE PRESIDENT AND CHIEF FINANCIAL OFFICER<br>EMAIL - cbrantley@crosbyenergyservices.com<br>PHONE - 985-693-6872<br>FAX - 985-693-8100 | Trade Payable | | | | $  4,699,833 |
| 8 | BURNER FIRE CONTROL INC.<br>ATTN: MATT CRUSE<br>1374 PETROLEUM PKWY<br>BROUSSARD, LA  70518 | MATT CRUSE<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>EMAIL - mdcruse@burnerfire.com<br>PHONE - 337-302-4187 / 800-864-4073 | Trade Payable | | | | $  4,674,980 |
| 9 | CHET MORRISON CONTRACTORS, LLC<br>ATTN: CHET MORRISON<br>9 BAYOU DULARGE ROAD<br>HOUMA, LA  70363 | CHET MORRISON<br>FOUNDER AND CHIEF EXECUTIVE OFFICER<br>EMAIL - cmorrison@chetm.com<br>PHONE - (985) 868-1950 | Trade Payable | | | | $  4,549,665 |
| 10 | SEATRAX, INC.<br>ATTN: BLUE LEGE<br>218 GUNTHER LANE<br>BELLE CHASSE, LA  70037 | BLUE LEGE<br>VICE PRESIDENT<br>EMAIL - blege@seatrax.com<br>PHONE - 713-896-6500 / 713-896-6500 | Trade Payable | | | | $  4,167,388 |
| 11 | WHITCO SUPPLY, LLC<br>ATTN: MINDY DAWES<br>200 N. MORGAN AVENUE<br>BROUSSARD, LA  70518 | MINDY DAWES<br>OWNER AND CHIEF EXECUTIVE OFFICER<br>EMAIL - mindy@whitcosupply.com<br>PHONE - 337-322-0491 / 337-837-2440 | Trade Payable | | | | $  3,720,047 |
| 12 | SPARROWS OFFSHORE LLC<br>ATTN: STEWART MITCHELL<br>6707 NORTHWINDS DR<br>HOUSTON, TX  77041 | STEWART MITCHELL<br>CHIEF EXECUTIVE OFFICER<br>EMAIL - stewart.mitchell@sparrowsgroup.com<br>PHONE - 713-896-0002 | Trade Payable | | | | $  3,539,565 |
| 13 | AXIP ENERGY SERVICES, LP<br>ATTN: DOUG EDWARDS<br>1301 MCKINNEY, SUITE 900<br>FULBRIGHT TOWER<br>HOUSTON, TX  77010 | DOUG EDWARDS<br>SENIOR VICE PRESIDENT AND GENERAL COUNSEL<br>EMAIL - doug.edwards@axip.com<br>PHONE - 713-744-6100 / 832-294-6500 | Trade Payable | | | | $  3,435,464 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | FAB-CON, INC.<br>ATTN: BOBBY GILES<br>1710 YOUNGS ROAD<br>MORGAN CITY, LA 70380 | BOBBY GILES<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>EMAIL - gilesb@fab-con.net<br>PHONE - 504-905-6417 | Trade Payable | | | | $ 3,343,812 |
| 15 | C-DIVE, LLC<br>ATTN: ROBERT CHAMPAGNE<br>1011 SADDI STREET<br>HOUMA, LA 70363 | ROBERT CHAMPAGNE<br>OWNER<br>EMAIL - robert.champagne@c-dive.com<br>PHONE - 985-855-1617 / 985-868-5070 | Trade Payable | | | | $ 3,341,624 |
| 16 | RYAN, LLC<br>ATTN: BRINT RYAN<br>THREE GALLERIA TOWER<br>13155 NOEL ROAD<br>SUITE 100<br>DALLAS, TX 75240-5090 | BRINT RYAN<br>CHAIRMAN OF THE BOARD AND CHIEF EXECUTIVE OFFICER<br>EMAIL - brint.ryan@ryan.com<br>PHONE - 972-934-0022<br>FAX - 972-960-0613 | Trade Payable | | | | $ 2,876,390 |
| 17 | KEYSTONE CHEMICAL, LLC<br>ATTN: JEFF DELAHOUSSAYE<br>1019 ALBERTSON PKWY<br>BROUSSARD, LA 70518 | JEFF DELAHOUSSAYE<br>PRESIDENT<br>EMAIL - info@keystonechemical.net<br>PHONE - 337-837-8127<br>FAX - 337-837-8760 | Trade Payable | | | | $ 2,779,380 |
| 18 | GOM SHELF LLC<br>ATTN: JON GRAHAM<br>2000 W. SAM HOUSTON PKWY S<br>SUITE 1200<br>HOUSTON, TX 77042 | JON GRAHAM<br>SALES MANAGER<br>EMAIL - jon.graham@gomshelf.com<br>PHONE - 713-969-1354 | Trade Payable | | | | $ 2,712,423 |
| 19 | PRIME ENERGY RESOURCES, LLC<br>ATTN: RYAN FREDERICK<br>139 JAMES COMEAUX RD.<br>SUITE B / PMB 609<br>LAFAYETTE, LA 70508 | RYAN FREDERICK<br>VICE PRESIDENT<br>EMAIL - ryanfrederick@prime-energyresources.com<br>PHONE - 337-680-8042 | Trade Payable | | | | $ 2,651,629 |
| 20 | PELSTAR MECHANICAL SERVICES, LLC<br>ATTN: BLUE LEGE<br>1530 ST ETIENNE ROAD<br>BROUSSARD, LA 70518 | BLUE LEGE<br>VICE PRESIDENT<br>EMAIL - blege@seatrax.com<br>PHONE - 713-248-4073 | Trade Payable | | | | $ 2,454,266 |
| 21 | DLS, L.L.C.<br>ATTN: JUAN KNIGHT<br>701 ROBLEY DRIVE, SUITE 104<br>LAFAYETTE, LA 70503 | JUAN KNIGHT<br>CHIEF EXECUTIVE OFFICER<br>EMAIL - knight@dls-energy.com<br>PHONE - (256) 845-5510<br>FAX - (337) 924-7445 | Trade Payable | | | | $ 2,311,098 |
| 22 | E S & H PRODUCTION GROUP, LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>2516 ENGINEERS ROAD<br>BELLE CHASSE, LA 70037 | PRESIDENT OR GENERAL COUNSEL<br>EMAIL - info@esandh.com<br>PHONE - 504-392-3801 | Trade Payable | | | | $ 2,125,017 |
| 23 | VISION PRODUCTION CHEMICALS LLC<br>ATTN: JASON BROUSSARD<br>8910 CORDELL ROAD<br>ABBEVILLE, LA 70510 | JASON BROUSSARD<br>VICE PRESIDENT<br>EMAIL - jasonb@visionprochem.com<br>PHONE - 337-517-5290 / 337-314-9288 | Trade Payable | | | | $ 1,955,859 |
| 24 | GULFSTREAM SERVICES, INC.<br>ATTN: BOBBY BOND<br>230 & 231 DEVELOPMENT ST.<br>HOUMA, LA 70363 | BOBBY BOND<br>CHIEF EXECUTIVE OFFICER<br>EMAIL - bobby.bond@gulfstreamservices.com<br>PHONE - 985-688-4416 / 985-257-7891<br>FAX - 985-876-1766 | Trade Payable | | | | $ 1,903,414 |
| 25 | LINEAR CONTROLS INC.<br>ATTN: ANDRE CLEMONS<br>107 1/2 COMMISSION BLVD.<br>LAFAYETTE,, LA 70508 | ANDRE CLEMONS<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>EMAIL - andre.clemons@linearcontrols.net | Trade Payable | | | | $ 1,833,538 |
| 26 | CACTUS WELLHEAD, LLC<br>ATTN: BRIAN SMALL<br>920 MEMORIAL CITY WAY<br>SUITE 300<br>HOUSTON, TX 77024 | BRIAN SMALL<br>CHIEF FINANCIAL OFFICER<br>EMAIL - brian.small@cactuswellhead.com<br>PHONE - 713-498-3193 / 713-626-8800 | Trade Payable | | | | $ 1,810,510 |
| 27 | QUALITY PROCESS SERVICES, LLC<br>ATTN: WENDY AGUILLARD<br>587 S. HOLLYWOOD RD.<br>HOUMA, LA 70360 | WENDY AGUILLARD<br>CHIEF FINANCIAL OFFICER<br>EMAIL - wa@qps-la.com<br>PHONE - 985-868-1200 | Trade Payable | | | | $ 1,713,118 |
| 28 | AMERICAN PANTHER, LLC<br>ATTN: NADINE MOUSTAFA<br>1501 MCKINNEY ST.<br>SUITE 800<br>HOUSTON, TX 77010 | NADINE MOUSTAFA<br>SENIOR VICE PRESIDENT, GENERAL COUNSEL, AND CORPORATE SECRETARY<br>EMAIL - nmoustafa@third-coast.com<br>PHONE - 202-368-0984 | Trade Payable / Litigation | Contingent, Unliquidated, and Disputed | | | UNDETERMINED |
| 29 | CHEVRON / UNION BANK<br>ATTN: MIKE WIRTH<br>6002 BOLLINGER CANYON ROAD<br>SAN RAMON, CA 94583 | MIKE WIRTH<br>CHAIRMAN OF THE BOARD AND CHIEF EXECUTIVE OFFICER<br>EMAIL - mkwirth@chevron.com<br>PHONE - 925-842-3232 / 925-842-1000 | Litigation | Contingent, Unliquidated, and Disputed | | | UNDETERMINED |
| 30 | THIRD COAST MIDSTREAM HOLDINGS, LLC<br>ATTN: NADINE MOUSTAFA<br>1501 MCKINNEY STREET<br>SUITE 800<br>HOUSTON, TX 77002 | NADINE MOUSTAFA<br>SENIOR VICE PRESIDENT, GENERAL COUNSEL, AND CORPORATE SECRETARY<br>EMAIL - nmoustafa@third-coast.com<br>PHONE - 202-368-0984 | Trade Payable / Litigation | Contingent, Unliquidated, and Disputed | | | UNDETERMINED |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re:<br><br>EPL Oil & Gas, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 23-_____(___) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**Debtor**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Energy XXI Gulf Coast, LLC | | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Chapter 11 Case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| EPL Oil & Gas, LLC | ) Case No. 23-_____(___) ) ) |
| Debtor. | ) ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Energy XXI Gulf Coast, LLC | 100% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name **EPL Oil & Gas, LLC** | |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*
- ☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*
- ☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*
- ☐ Schedule H: Codebtors *(Official Form 206H)*
- ☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*
- ☐ Amended Schedule _____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**05/14/2023**
MM/ DD/YYYY

☒ */s/ Craig Sanders*
Signature of individual signing on behalf of debtor
**Craig Sanders**
Printed name
**Authorized Person**
Position or relationship to debtor

Official Form 202         Declaration Under Penalty of Perjury for Non-Individual Debtors